Kyle CARMACK, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 30, 1972.

A. Henry Ralston, Denham, Ralston & Nagle, Middlesboro, for appellant.

Ed W. Hancock, Atty. Gen., John C. Ryan, Sp. Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

This is an appeal from a judgment sentencing appellant to confinement for a term of twenty-one years for the crime of voluntary manslaughter.

At the trial the appellant was represented by employed counsel. The verdict was returned on May 27, 1971. On May 31, 1971, before judgment was entered, appellant filed a pro se statement of appeal and moved for the appointment of counsel to prosecute the appeal.

On June 1, 1971, appellant's employed counsel filed motion and grounds for new trial which was overruled. Judgment was then entered and employed counsel filed a notice of appeal and designation of the record and moved for leave to withdraw as counsel of record for appellant. The motion to withdraw was sustained and appellant's present counsel was appointed.

None of the errors presented on this appeal by present counsel was preserved for review by a proper objection or the motion and grounds for new trial except the question of whether the verdict is so flagrantly against the evidence as to appear at first blush to be influenced by prejudice and passion on the part of the jury.

The appellant admitted the shooting and attempted to justify it by way of self-defense. The testimony as to whether any circumstances existed from which appellant could reasonably have concluded that he was in danger of bodily harm was conflicting and the issue was one for the jury. There is no merit in the claim that the verdict is flagrantly contrary to the evidence.

The main thrust of the appeal is that the instructions were erroneous and that other errors occurred during the trial which were prejudicial to appellant. Appellant concedes that the instructions were not objected to at the trial nor called to the attention of the court in the motion and grounds for new trial. He concedes also that the other trial errors of which he complains were not properly preserved for review.

It is appellant's contention that a review of the instructions should not be foreclosed merely because his trial counsel failed to preserve that issue when in fact he had requested the court to appoint counsel for appeal purposes at a time when the question as to the instructions could still have been presented in a motion and grounds for a new trial.

RCr 10.06 requires a motion and grounds for new trial to be filed within five days after the return of the jury verdict. Trial counsel filed the motion on the fourth day after the trial. Even though the appellant had requested appointment of counsel for appeal purposes one day prior to the filing of the motion, new counsel had not been appointed and in fact trial counsel had not moved for leave to withdraw. Appellant at no time disavowed the services of his trial counsel and when the motion and grounds for new trial was filed the attorney who filed it was the counsel of record. We do not think the trial court erred in permitting the motion to be filed nor in his disposition of the motion.

The judgment is affirmed.

All concur.